ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| MARÍA VELILLA SOTOMAYOR<br><br>Parte Recurrida<br><br>v.<br><br>IVÁN SOTOMAYOR SERRA<br><br>Parte Peticionaria | KLCE202400370 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2022RF01422<br><br>Sobre: Divorcio-Ruptura Irreparable |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de mayo de 2024.

Comparece la parte peticionaria, el Sr. Iván Sotomayor Serra (Sr. Sotomayor o parte peticionaria), *pro se,* y solicita que revoquemos la *Orden* emitida el 21 de febrero de 2024, notificada el 23 de febrero de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante el referido dictamen, en el contexto de un asunto de custodia y relaciones filiales, el foro primario denegó la solicitud del Sr. Sotomayor para que se le entregara copia del informe realizado por la Unidad Social de Relaciones de Familia (Unidad Social), basado en el informe social solamente se le notifica a los abogados que representan a las partes y no a las personas que comparecen al pleito por derecho propio.

El 4 abril de 2024, emitimos una resolución mediante la cual concedimos a la parte recurrida, Sra. María Velilla Sotomayor, un término para mostrar causa por las cuales no debíamos expedir el auto de *certiorari* solicitado y revocar la *Orden* recurrida. Transcurrido dicho término sin que ésta hubiera comparecido, damos por perfeccionado el recurso y procedemos a su adjudicación.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y revocamos el dictamen recurrido.

**I.**

En el contexto de un asunto de custodia y relaciones filiales, e 1 de febrero de 2024 el Sr. Sotomayor presentó una *Moción Informativa y en Solicitud de Orden*[1] ante el foro primario. En esta, el Sr. Sotomayor expuso que fue notificado de la moción[2] presentada por la parte recurrida, Sra. María T. Velilla Sotomayor (Sra. Velilla o parte recurrida), en relación con el Informe Social presentado el 13 de diciembre de 2023. El Sr. Sotomayor adujo que, en la moción presentada por la Sra. Velilla, ésta hace referencia a parte del contenido del aludido informe. Argumentó que nunca se le ha notificado el informe, por lo que desconoce su contenido. Expuso que deseaba presentar su oposición a la moción de la Sra. Velilla, razón por la cual necesita del Informe Social al cual nunca ha tenido acceso. Por lo anterior, el Sr. Sotomayor solicitó que se le permitiera auto representarse, se le notificara el Informe Social y se le concediera un término para presentar su oposición a la moción presentada por la parte recurrida.

El 5 de febrero de 2024, notificada el 6 de febrero de 2024, el foro de instancia emitió *Orden* en la que, entre otros pronunciamientos[3], le concedió un término al Sr. Sotomayor para presentar su oposición a la moción de la Sra. Velilla.

El 20 de febrero de 2024, el Sr. Sotomayor presentó una *Moción para que se Aclare Orden del 6 de febrero de 2024 en cuanto a Moción Informativa y en Solicitud de Orden del 1 de febrero de 2024.*

---

[1] Véase, *Moción Informativa y en Solicitud de Orden,* Apéndice del recurso, págs. 6-8.
[2] Véase, *Moción para Expresarnos sobre Informe Social*, apéndice del recurso, págs. 4-5.
[3] En la orden del 5 de febrero de 2024, el foro primario autorizó al Sr. Sotomayor Serra a representarse por derecho propio, mientras mantenga un nivel decoroso en sus expresiones. También el TPI expresó que estudiaría el expediente para determinar si se le notificaron adecuadamente las recomendaciones del informe, las cuales, de no haberse notificado, se subsanaría inmediatamente.

En síntesis, el Sr. Sotomayor reiteró que no ha tenido acceso al Informe Social y que ello le imposibilita poder presentar su oposición conforme ordenado por el TPI. Resaltó que su solicitud es que se le notifique el informe social en su totalidad, no las recomendaciones, para poder responder a lo alegado por la Sra. Velilla. El Sr. Sotomayor reafirmó que, por representarse por derecho propio, no tiene acceso al sistema SUMAC. Añadió nunca alegó no haber recibido las recomendaciones del informe y expuso un recuento de las diligencias realizadas para lograr tener acceso al informe. Por último, expuso que la Regla 9.4 de las de Procedimiento Civil dispone que la persona que se auto representa será tratada como cualquier otra parte representada por abogado. Por ello, al habérsele notificado el informe a la representante legal de la Sra. Velilla, procedía que se le notificara a éste el Informe Social, en cumplimiento con la citada regla.

El 21 de febrero de 2024, notificada el 23 de febrero de 2024, el foro de instancia emitió la Orden que nos ocupa, en la que determinó lo siguiente:

> El informe solo se notifica a los abogados que representan a las partes. Una persona que comparece por derecho propio no tiene acceso al informe, solo tiene acceso a las recomendaciones. A la solicitud de que se le notifique el informe en su totalidad, no ha lugar.

El 26 de febrero de 2024, el Sr. Sotomayor presentó *Moción de Reconsideración y en Solicitud de Fundamento en Derecho,* en la que reiteró su solicitud de que se le notifique el informe o, de denegarse la reconsideración, se proveyera un fundamento en derecho ante la negativa de notificarle el informe. El 27 de febrero de 2024, el foro primario declaró No Ha Lugar la solicitud de reconsideración presentada.

Inconforme, el Sr. Sotomayor acude ante nos y formula los siguientes señalamientos de error:

PRIMER ERROR: ERRÓ EL HONORABLE TPI AL DENEGAR ENTREGAR AL RECURRENTE EL INFORME SOCIAL PARA ASÍ PODER DEFENDERSE PROPIAMENTE.

SEGUNDO ERROR: ERRÓ EL HONORABLE TPI AL NO OTORGAR AL RECURRENTE EL MISMO TRATO QUE A UN ABOGADO SEGÚN DISPONE LA REGLA 9.4(B) PONIENDO AL RECUR[R]ENTE EN UNA POSICIÓN DE DESVENTAJA.

## II.

### A.

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional. *García v. Padró*, supra. El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Íd.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así, pues, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera..." *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.

No obstante, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG*, supra, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la

razonabilidad". *García v. Padró*, supra, pág. 335; *Pueblo v. Ortega Santiago*, supra. En virtud de lo anterior, para ejercer sabia y prudentemente nuestra facultad discrecional, al determinar si expedimos o denegamos un recurso de *certiorari*, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*, 4 LPRA Ap. XXII-B, R. 40. Así reza:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y **la disposición de la decisión recurrida**, a diferencia de sus fundamentos, **son contrarios a derecho**.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) **Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración**.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) **Si la expedición del auto** o de la orden de mostrar causa **evita un fracaso de la justicia**. (Énfasis nuestro).

De ordinario, este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018) y la jurisprudencia citada. Al expedir el auto de *certiorari* y asumir jurisdicción sobre el asunto que tenemos ante nuestra consideración al tenor de la Regla 40 de nuestro Reglamento, *supra*, cumplimos nuestra función principal de

revisar las determinaciones judiciales del foro primario para asegurarnos que éstas son justas y cónsonas con las leyes, los reglamentos y la jurisprudencia interpretativa. Véase, *Negrón v. Srio. de Justicia, supra*, págs. 92-93. Por el contrario, la denegación del recurso no prejuzga los méritos de la cuestión planteada, por lo cual, el asunto puede ser reproducido en una apelación. *García v. Padró*, supra, pág. 336, que cita a *Núñez Borges v. Pauneto Rivera*, 130 DPR 749, 755-756 (1992).

**B.**

El ordenamiento jurídico en torno a la garantía constitucional del debido proceso de ley, en su vertiente procesal, ha establecido diversos requisitos que debe cumplir **todo procedimiento adversativo**, en el que están implicados **el interés de libertad** y el interés de propiedad de una persona;[4] a saber: "(1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (5) **derecho a contrainterrogar testigos y examinar evidencia presentada en su contra**; (6) tener asistencia de abogado, y (7) que la decisión se base en el récord". (Énfasis nuestro). *Rivera Rodríguez & Co. V. Lee Stowell, etc.*, 133 DPR 881, 889 (1993), que cita a *Mathews v. Eldridge*, 424 US 319 (1976). Del mismo modo, el Tribunal Supremo de Puerto Rico ha señalado que, en el concepto *libertad*, están incluidos "el derecho a casarse, a establecer un hogar y a criar a los hijos". *Rentas Nieves v. Betancourt Figueroa*, 201 DPR 416, 428 (2018), que cita a *Rexach v. Ramírez*, 162 DPR 130 (2004).

De otro lado, la Máxima Curia ha expresado que los trabajadores sociales de la Unidad Social de Relaciones de Familia y Asuntos de Menores son peritos al servicio de los tribunales.

---

[4] Las Enmiendas V y XIV de la Constitución de Estados Unidos, LPRA, Tomo 1, al igual que el Artículo II, Sección 7, de la Constitución Puerto Rico, LPRA, Tomo 1, garantizan que "[n]inguna persona será privada de su libertad o propiedad sin debido proceso de ley".

*Rentas Nieves v. Betancourt Figueroa*, supra, pág. 426, que cita a *Peña v. Peña*, 164 DPR 949 (2005). Por consiguiente, estos profesionales están compelidos por las normas de evidencia estatuidas en nuestro ordenamiento probatorio. En particular, la Regla 707 de las Reglas de Evidencia establece que "...toda persona testigo que declare en calidad de perita podrá ser contrainterrogada siempre sobre sus calificaciones como perita, el asunto objeto de su opinión pericial y los fundamentos de su opinión". 32 LPRA Ap. VI, R. 707. Por su parte, la Regla 709 (a) del mismo cuerpo legal dispone, en lo que nos atañe, que:

> **La persona nombrada como perita deberá notificar a las partes sus hallazgos**, si alguno; podrá ser depuesta por cualquier parte y podrá ser citada para testificar, por el tribunal o cualquiera de las partes. La persona nombrada perita **estará sujeta a contrainterrogatorio** por cualquiera de las partes, incluyendo la que le citó. (Énfasis nuestro). 32 LPRA Ap. VI, R. 709 (a).

Consiguientemente, "[p]ara que una parte pueda impugnar efectivamente a un perito, es necesario —en primer lugar— examinar, de una manera igualmente efectiva, el informe pericial que produjo ese perito". *Rentas Nieves v. Betancourt Figueroa*, supra, pág. 432. Es evidente que nuestro Alto Foro no ha excluido los informes sociales forenses del cumplimiento de notificación a las partes. *Íd.*, págs. 426-427. Ello implica necesariamente que los litigantes deben tener la oportunidad de examinar la prueba pericial que le es adversa, con el fin de impugnar a los peritos que la produjeron, mediante el procedimiento de contrainterrogatorio u otra prueba pertinente y admisible.

## C.

En *Rentas Nieves v. Betancourt Figueroa*, supra, pág. 431, el Tribunal Supremo reiteró que los asuntos de familia se dirimen de manera privada y, por ende, sus expedientes son, por su naturaleza, confidenciales. La Regla 62.1 de Procedimiento Civil, *Vistas, órdenes*

*en cámara y expedientes*, 32 LPRA Ap. V, R. 62.1, en su inciso (a), reconoce la salvedad de la celebración de las vistas en privado y dispone "la manera en que se proveerá la información de los expedientes a las personas con interés…" J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Publicaciones JTS, 2011, T. V, pág. 1815. Afín a lo pronunciado, la Regla 62.1 de Procedimiento Civil, *supra*, a la que hemos impartido énfasis, en su parte pertinente, estatuye lo que sigue:

.     .     .     .     .     .     .     .

> (b) **La información sobre los expedientes de los casos que por ley o por el tribunal, a iniciativa propia o a solicitud de parte, se disponga su confidencialidad, así como las copias de éstos, podrán ser mostradas o entregadas sólo a personas con legítimo interés**, o a otras personas mediante una orden judicial y por causa justificada. Sólo se suministrarán, previa muestra de necesidad y con el permiso expreso del tribunal, a funcionarios o funcionarias del Tribunal General de Justicia en sus gestiones oficiales y aquellas personas de acreditada reputación profesional o científica que prueben por escrito su interés en obtener información para la realización de sus labores oficiales, estudios o trabajos, y siempre bajo las condiciones que el juez o la jueza estipule.

> (c) **Serán personas con legítimo interés las siguientes**:

> (1) **Las partes en el pleito** y sus herederos o herederas.

.     .     .     .     .     .     .     .

La regla citada apunta, además, que "[l]as personas antes mencionadas **no tendrán que presentar una solicitud al tribunal** para que se les permita el acceso a los expedientes judiciales". (Énfasis nuestro). *Íd.*

### III.

En su recurso, el Sr. Sotomayor alega que el foro primario incidió al negarle acceso al Informe Social. Le asiste la razón.

Conforme expusimos anteriormente, nuestro estado de Derecho probatorio intima a la persona perita a notificar a las partes sus hallazgos y conclusiones. Asimismo, el ordenamiento procesal permite que, sin mediar una solicitud previa, las partes del pleito

puedan acceder a la información contenida en los expedientes confidenciales del tribunal. Por lo tanto, la privacidad de los asuntos de familia no es óbice para garantizar a las partes con legítimo interés los derechos consagrados y el debido proceso de ley, lo que indefectiblemente incluye el examen de los informes sociales preparados por la Unidad Social. Véase, *Rentas Nieves v. Betancourt Figueroa*, supra, págs. 431-432.

Cónsono con lo anterior, el debido proceso de ley que le asiste a la parte peticionaria provee para que ésta pueda examinar la evidencia presentada en su contra, como parece ser el documento pericial preparado por la Unidad Social, independientemente que ostente o no representación legal. Nótese que una persona natural, si no ha sido descalificada, puede representarse a sí misma. De hecho, en este caso, surge del expediente que el Sr. Sotomayor ha comparecido por derecho propio.

En fin, el presente caso versa sobre una solicitud de ambas partes de referir el caso a la Unidad Social de Relaciones de Familia. Como parte integral del trámite judicial, el tribunal *a quo* ordenó una investigación a la Unidad Social, la cual produjo el correspondiente informe social en controversia. Presentado el mismo, la Sra. Velilla, por ostentar representación legal, fue notificada del informe en cuestión, razón por la que pudo presentar su postura y citar porciones del informe. Sin embargo, el foro primario le requirió al Sr. Sotomayor, presentar su posición en torno al escrito de la Sra. Velilla, sin tener acceso al informe social. Ciertamente al Sr. Sotomayor le asiste el derecho a cuestionar los hallazgos consignados en el aludido informe. No obstante, la *Orden* que revisamos, denegó el acceso al informe social.

Tal determinación no sólo transgrede el debido proceso de ley del Sr. Sotomayor, sino que, sin justificar, contravino el ordenamiento probatorio sobre la persona perita; las normas

procesales, en atención a la Regla 62.1 de Procedimiento Civil, supra; y la jurisprudencia, en particular, el normativo *Rentas Nieves v. Betancourt Figueroa*, supra.

Es forzoso colegir que el foro judicial recurrido erró al denegar la petición del Sr. Sotomayor a acceder el informe social para que este pueda examinarlo y exponer su postura sobre su contenido, tal como le fue ordenado. Condicionar el examen a la tenencia de representación legal, sin exponer los fundamentos en la Resolución impugnada, es un proceder ajeno al debido proceso de la parte peticionaria y al ordenamiento jurídico vigente. En todo caso, al Sr. Sotomayor le asiste el derecho a la notificación del documento pericial; como parte con interés legítimo, tiene legitimación para acceder al informe social sin que medie una solicitud previa o asistencia de abogado; y, en la vista en sus méritos, puede contrainterrogar a la perita sobre sus calificaciones y fundamentos, así como impugnar sus conclusiones. Consecuentemente, en el ejercicio de nuestra discreción, procede la expedición del auto de *certiorari* y la revocación del dictamen recurrido.

Por último, somos del criterio que, de entenderlo necesario, nada impide que el foro de primera instancia adopte las medidas cautelares necesarias para proteger la confidencialidad del informe social o aquellas partes que considere que contienen información que deba ser protegida y expresar sus fundamentos para ello. Citamos a nuestro Tribunal Supremo sobre este extremo: "...[E]l derecho de una parte con interés a recibir copia de los informes sociales en nada limita la facultad de los jueces y las juezas de los foros de instancia para, en el sano ejercicio de su discreción judicial, tomar las medidas que entiendan necesarias para, a la luz de las circunstancias particulares de cada caso, imponer restricciones al uso y a la notificación de tales informes". *Rentas Nieves v. Betancourt Figueroa*, supra, pág. 434.

**IV.**

Por los fundamentos expuestos, expedimos el recurso de *certiorari* y revocamos la *Orden* recurrida. En consecuencia, devolvemos el caso ante la consideración del Tribunal de Primera Instancia, para que proceda al tenor de lo aquí resuelto.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones